RENDERED:  OCTOBER 25, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0167-MR

CECIL SALYERS                                                                    APPELLANT

APPEAL FROM HOPKINS CIRCUIT COURT
v.        HONORABLE CHRISTOPHER B. OGLESBY, JUDGE
ACTION NO. 11-CR-00249 & 12-CR-00111

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, L. JONES, McNEILL, JUDGES.

JONES, L., JUDGE:  Cecil Salyers ("Salyers"), proceeding *pro se*, appeals the January 12, 2024, order of the Hopkins Circuit Court denying his request for post-conviction relief pursuant to CR[1] 60.02 as impermissibly successive and untimely. Finding no error, we affirm.

---

[1] Kentucky Rule of Civil Procedure.

This is not Salyers's first collateral attack upon his sentence. His prior attempts at direct appeal and post-conviction relief were summarized by a prior panel of this Court:

> Salyers was convicted of four counts of first-degree sexual abuse; two counts of using a minor in a sexual performance; and third-degree unlawful transaction with a minor. He was sentenced to forty years' imprisonment. On direct appeal, the Supreme Court of Kentucky affirmed his conviction. *Salyers v. Commonwealth*, No. 2014-SC-000186-MR, 2015 WL 2340368 (Ky. May 14, 2015).
>
> Salyers has challenged his conviction in four separate post-conviction motions. First, on November 12, 2015, Salyers filed a *pro se* RCr[2] 11.42, which the trial court denied on February 1, 2017. On January 10, 2020, this Court affirmed the trial court's denial of the motion.
>
> Second, on April 26, 2018, Salyers filed a motion to vacate his judgment under CR 60.02. The Commonwealth responded, and the trial court denied the motion. Salyers did not appeal the trial court's order.
>
> Third, on May 8, 2020, Salyers filed a second CR 60.02 motion raising thirteen issues. The Commonwealth responded. The trial court denied the motion, finding, among other things, it was barred as a second CR 60.02 motion. Although Salyers attempted a belated appeal, this Court dismissed it.
>
> Finally, on July 2, 2021, Salyers filed his third CR 60.02 motion, raising the same thirteen issues in his second CR 60.02 motion. The Commonwealth responded. The trial court denied Salyers' motion finding it was procedurally

---

[2] Kentucky Rules of Criminal Procedure.

-2-

> barred for several reasons, including that it was successive and time barred.

*Salyers v. Commonwealth*, No. 2021-CA-1082-MR, 2022 WL 15526551 (Ky. App. Oct. 28, 2022) (footnote omitted). This Court affirmed the trial court's order in *Salyers*, agreeing with the trial court that Salyers's July 2, 2021, post-conviction motion was an improper, successive motion. *Id.*

Undeterred, Salyers filed a new CR 60.02 motion on December 20, 2023. In this new motion, Salyers alleged one of the law enforcement officers involved in the criminal investigation committed acts of fraud which led to his conviction. On January 12, 2024, the trial court entered an order denying that motion finding that "[Salyers's] current CR 60.02 Motion [is] impermissibly successive and not filed within a reasonable time." We agree.

This Court will review denial of CR 60.02 motion for abuse of discretion. *Brown v. Commonwealth*, 932 S.W. 2d 359, 361 (Ky. 1996). "The test for abuse of discretion is whether the trial judge's decision was unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W. 2d 941, 945 (Ky. 1999).

"CR 60.02 does not permit successive post-judgment motions[.]" *Foley v. Commonwealth*, 425 S.W. 3d 880, 884 (Ky. 2014). Whether or not Salyers's December 20, 2023, CR 60.02 motion raises new issues or simply addresses other issues is of no moment; "CR 60.02 was never meant to be used as

just another vehicle to revisit issues that should have been included or could have been included in prior requests for relief." *Id.*[3] Thus, Salyers's December 20, 2023, CR 60.02 motion is just as procedurally barred as his prior CR 60.02 Motion. We agree with the trial court that the December 20, 2023, motion was impermissibly successive.

While the trial court briefly addressed the timeliness of Salyers's claims in his CR 60.02 motion (and the Commonwealth more fully discussed the timeliness issue in its brief), we need not address those grounds as successiveness alone was sufficient reason for the trial court to deny the motion.

For the foregoing reasons, we AFFIRM the order of the Hopkins Circuit Court.

ALL CONCUR.

---

[3] Salyers appears to admit in his December 20, 2023, motion that this issue has been addressed before in at least some form:

> Now as we move on to the real issue of [Salyers's] case, it has been determined that the Lead Detective in [this] case, Officer Scott [Gipson] of the Madisonville Police Department is under investigation for timecard fraud. This is new to everyone except [Salyers] himself; [Salyers] *has been trying to explain this was taking place from the time he filed his first CR.60.02.* (sic)

(Emphasis added.)

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Cecil Salyers, *pro se*                 Russell Coleman
La Grange, Kentucky                     Attorney General of Kentucky

                                        Todd Dryden Ferguson
                                        Assistant Attorney General
                                        Frankfort, Kentucky